# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>A JOINT EFFORT, INC. d/b/a<br>BLVD SMOKE SHOP, a corporation, and<br>HUSAM BAHHUR, an individual,<br><br>Defendants. | Case No. 25-24134-CIV-XXXX<br><br>**COMPLAINT FOR<br>PERMANENT INJUNCTION** |

Plaintiff, the United States of America, by and through its undersigned counsel, on behalf of the United States Food and Drug Administration ("FDA"), for its Complaint alleges as follows:

## NATURE OF THE CASE

1. Defendant A Joint Effort, Inc. d/b/a Blvd Smoke Shop ("Blvd Smoke"), a corporation, and Defendant Husam Bahhur, an individual (collectively, "Defendants"), receive and sell electronic nicotine delivery system ("ENDS") products, including those marketed as containing flavors such as HQD Black Ice, Lost Mary Strawberry Ice, and Vybrant Mango Ice. On June 8, 2023, FDA warned Defendant Bahhur, in a letter directed to Defendants Bahhur's former establishment, Another Joint Effort, Inc. d/b/a Blvd Smoke Shop, that they were unlawfully offering for sale adulterated and misbranded ENDS products in violation of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. §§ 301-399i. In addition, on October 27, 2023, FDA initiated a civil money penalty ("CMP") action against Defendants Bahhur's former establishment, Another Joint Effort, Inc. d/b/a Blvd Smoke Shop, for a subsequent violation of the

Act for unlawfully receiving and offering for sale adulterated and misbranded ENDS products. Because Defendants have continued to receive and sell unlawful ENDS products, Plaintiff brings this action to put an end to Defendants' misconduct.

2. This statutory injunction proceeding is brought under the Act, 21 U.S.C. § 332(a), to permanently enjoin Defendants from receiving in interstate commerce ENDS products, which are tobacco products within the meaning of 21 U.S.C. § 321(rr), that are adulterated and misbranded, and delivering or proffering for delivery such tobacco products for pay or otherwise, in violation of 21 U.S.C. § 331(c).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and all parties to this action under 21 U.S.C. § 332(a), as well as 28 U.S.C. §§ 1331, 1337, and 1345, because this case involves claims arising under federal laws regulating commerce and is commenced by the United States of America as Plaintiff.

4. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c), because Defendants transact business in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## DEFENDANTS

5. Defendant A Joint Effort, Inc. d/b/a Blvd Smoke Shop is a Florida corporation located at 3001 Biscayne Boulevard, Miami, Florida 33137 (hereinafter, the "establishment"), within the jurisdiction of this Court. Defendants conduct their ENDS product operations from the establishment. Corporate records filed with the State of Florida indicate that 3001 Biscayne Boulevard, Miami, Florida 33137 is listed as the principal address for both Defendant A Joint Effort, Inc. d/b/a Blvd Smoke Shop, and the mailing address for the defunct corporation Another Joint Effort, Inc. d/b/a Blvd Smoke Shop, which was dissolved on September 27, 2024. Defendant

Husam Bahhur previously operated an establishment under the name Another Joint Effort d/b/a Blvd Smoke Shop located at 7400 Biscayne Boulevard, Miami, Florida 33138. Corporate records filed with the State of Florida indicate that Defendant A Joint Effort, Inc. d/b/a Blvd Smoke Shop and the defunct corporation Another Joint Effort, Inc. d/b/a Blvd Smoke Shop list the same officer/director, Defendant Husam Bahhur and share the same registered agent.

6. Defendant Husam Bahhur is the officer/director of Defendant A Joint Effort, Inc. d/b/a Blvd Smoke Shop, located at 3001 Biscayne Boulevard, Miami, Florida 33137, and the most responsible person at the firm. Defendant Bahhur was listed as the officer/director of the defunct corporation Another Joint Effort, Inc. d/b/a Blvd Smoke Shop, and he responded to FDA's June 8, 2023 Warning Letter sent to the defunct corporation Another Joint Effort, Inc. Defendant Bahhur is also the officer/director of HAB Retail Group, Inc. d/b/a Blvd Smoke Shop located at 850 N. Federal Hwy, Fort Lauderdale, Florida 33304.

## LEGAL FRAMEWORK

7. The Act defines a "tobacco product" as including "any product made or derived from tobacco, or containing nicotine from any source, that is intended for human consumption, including any component, part, or accessory of a tobacco product." 21 U.S.C. § 321(rr).

8. A "tobacco product" within the meaning of the Act is generally subject to the requirements of Subchapter IX of Chapter 9 to Title 21 of the United States Code. *See* 21 U.S.C. § 387a(b) (providing that Subchapter IX shall apply to "all cigarettes, cigarette tobacco, roll-your-own tobacco, and smokeless tobacco and to any other tobacco products that [FDA] by regulation deems to be subject to this subchapter."); *see also* 81 Fed. Reg. 28974, 28975-76 (May 10, 2016) (deeming all products meeting the definition of "tobacco product" at 21 U.S.C. § 321(rr), except accessories of such newly deemed products, to be subject to Subchapter IX).

9. ENDS products generally meet the definition of "tobacco product" at 21 U.S.C. § 321(rr) and include: "devices, components, and/or parts that deliver aerosolized e-liquid when inhaled." FDA, *Guidance for Industry: Enforcement Priorities for Electronic Nicotine Delivery Systems (ENDS) and Other Deemed Products on the Market Without Premarket Authorization (Revised)\** (Apr. 2020), at 9–10, https://go.usa.gov/xuvn5. E-liquids "are a type of ENDS product and generally refer to liquid nicotine and nicotine-containing e-liquids (*i.e.,* liquid nicotine combined with colorings, flavorings, and/or other ingredients)." *Id.*

10. The Act also defines "new tobacco product" to include "any tobacco product . . . that was not commercially marketed in the United States as of February 15, 2007." 21 U.S.C. § 387j(a)(1). Under 21 U.S.C. § 387j(a)(2), a manufacturer is required to obtain premarket review of new tobacco products and obtain FDA's marketing authorization.

11. Depending on the tobacco product, a manufacturer may receive FDA marketing authorization through one of three pathways.

   a. First, the manufacturer may submit a premarket tobacco product application ("PMTA") under 21 U.S.C. § 387j. For a PMTA, FDA issues a marketing granted order ("MGO") permitting marketing of the new tobacco product if it finds, among other things, that the product is appropriate for the protection of the public health. *See* 21 U.S.C. § 387j(c).

   b. Second, a manufacturer may submit a substantial equivalence ("SE") report under 21 U.S.C. § 387j(a)(2)(A)(i). For an SE report, FDA issues an SE order permitting marketing of the new tobacco product if it determines, among other things, that the product is substantially equivalent to a tobacco product commercially marketed in the U.S. as of February 15, 2007, or a tobacco product marketed after that date but which FDA previously determined to be substantially equivalent. *See* 21 U.S.C. § 387e(j).

4

c. Third, a manufacturer may submit an exemption request submitted under 21 C.F.R. § 1107.1 and a report under 21 U.S.C. § 387e(j)(1) ("abbreviated report"). FDA reviews those submissions and, if it determines that there has been an appropriate showing, may issue a "found-exempt" order. *See* 21 U.S.C. § 387e(j)(3)(A).

12. A new tobacco product is required by 21 U.S.C. § 387j(a) to have premarket review unless it has an SE order or found-exempt order in effect. 21 U.S.C. § 387j(a)(2)(A).

13. A new tobacco product that is required by 21 U.S.C. § 387j(a) to have premarket review and does not have an MGO in effect under 21 U.S.C. § 387j(c)(1)(A)(i) is adulterated under 21 U.S.C. § 387b(6)(A).

14. A new tobacco product for which a "notice or other information respecting it was not provided as required" under the SE or exemption pathway, including an SE report or an abbreviated report, is misbranded under 21 U.S.C. § 387c(a)(6).

## DEFENDANTS' UNLAWFUL CONDUCT

15. Defendants receive ENDS products in interstate commerce which are then delivered or proffered for delivery to their customers (hereinafter "Defendants' ENDS products").

16. Defendants in turn hold and offer for sale Defendants' ENDS products in the state of Florida.

17. Among other ENDS products, Defendants have received, held, and offered for sale ENDS products branded under the names Lost Mary, Vybrant, and HQD. The packaging of these products indicate that they are manufactured in China. These products were delivered to Defendants' establishment from suppliers outside of Florida.

18. The ENDS products sold at Defendants' establishment are "tobacco products" under 21 U.S.C. § 321(rr). Among other things, the ENDS products sold at Defendants'

5

establishment are made or derived from tobacco, or contain nicotine from any source, and are intended for human consumption.

19. The ENDS products sold at Defendants' establishment were not commercially marketed in the United States as of February 15, 2007, so they are "new tobacco products" under 21 U.S.C. § 387j(a)(1).

20. As new tobacco products, the ENDS products sold at Defendants' establishment must receive authorization from FDA to be lawfully marketed, through either (1) the PMTA pathway, (2) the SE pathway, or (3) the exemption pathway.

21. The ENDS products sold at Defendants' establishment do not have an SE order or found-exempt order in effect, so they are required by 21 U.S.C. § 387j(a)(2)(A) to have premarket review.

22. The ENDS products sold at Defendants' establishment do not have an MGO in effect under 21 U.S.C. § 387j(c)(1)(A)(i), so they are adulterated under 21 U.S.C. § 387b(6)(A).

23. Additionally, neither an SE report nor an abbreviated report has been submitted for the ENDS products sold at Defendants' establishment. Accordingly, the ENDS products sold at Defendants' establishment are also misbranded under 21 U.S.C. § 387c(a)(6).

## DEFENDANTS' HISTORY OF MISCONDUCT

24. FDA has warned Defendants about their misconduct and explained that continued violations could lead to enforcement action, including an injunction, and previously instituted a CMP action against Defendant Bahhur's prior establishment, Another Joint Effort, Inc. d/b/a Blvd Smoke Shop, previously located at 7400 Biscayne Boulevard, Miami, Florida 33138, for its violative conduct.

25. On June 8, 2023, FDA sent Another Joint Effort, Inc. a Warning Letter, explaining that "new tobacco products" generally must "have a [FDA] premarket authorization order in

effect" in order "to be legally marketed in the United States." Therefore, "[a]ll new tobacco products on the market without the statutorily required premarket authorization are marketed unlawfully and are subject to enforcement action at FDA's discretion."

26. The Warning Letter also informed Another Joint Effort, Inc. that it was unlawfully selling unauthorized ENDS products. The letter identified particular unauthorized ENDS products—Elfbar Gumi and Esco Bars Watermelon Bubblegum ENDS products—and it also informed the firm that "[t]he violation indicated in this letter may not be a complete list of violations at the establishment." FDA directed Blvd Smoke to a website with a list of products that had received marketing authorization orders.

27. Finally, the Warning Letter emphasized that Another Joint Effort, Inc. "should take prompt action to address the violation listed above," and that "[f]ailure to address any violations of the [Act] may result in FDA initiating regulatory or legal action," including "seizure" and "injunction."

28. In a June 13, 2023 response to the Warning Letter, Defendant Bahhur, on behalf of Another Joint Effort, Inc., stated that "immediate actions have been taken to rectify the situation" and that the firm would be "verifying with [its] vendors before placing orders that the product is allowed." FDA replied by letter dated August 10, 2023 again reminding Another Joint Effort, Inc. and Defendant Bahhur of their "continuing obligation to ensure . . . compliance with the [Act] and its implementing regulations, including all access, marketing, labeling, and advertising restrictions."

29. On August 19, 2023, FDA conducted another inspection at Another Joint Effort, Inc., then located at 7400 Biscayne Boulevard. During that inspection, FDA found that the firm continued to hold and offer for sale ENDS products that lacked required FDA premarket

authorization and were, thus, adulterated and misbranded under the Act.

30. On October 27, 2023, FDA initiated a $19,192 CMP action against Another Joint Effort, Inc., and Defendant Bahhur, alleging that during an inspection of the 7400 Biscayne Boulevard establishment, on August 19, 2023, Another Joint Effort, Inc. was found to be selling unauthorized ENDS products that were adulterated and misbranded, including Elfbar Mint Tobacco ENDS products, in violation of the Act.

31. Another Joint Effort, Inc. and Defendant Bahhur did not file an answer to the CMP complaint, and an order of default judgment was entered on December 21, 2023, which Another Joint Effort, Inc. and Defendant Bahhur never paid.

32. On August 12, 2025, investigators from the Bureau of Alcohol, Tobacco, Firearms, and Explosives returned to Defendants' establishment, now located at 3001 Biscayne Boulevard, Miami, Florida 33137. Specifically, an undercover purchase conducted at Defendants' establishment revealed that Defendants have received and offered for sale adulterated and misbranded ENDS products, including HQD Black Ice, Lost Mary Strawberry Ice, and Vybrant Mango Ice (a free promotion) ENDS products, the retail packaging of which indicated the ENDS products were manufactured in China.

## ONGOING VIOLATIONS

33. Despite prior warnings and notifications from the FDA, including a previous CMP action, Defendants have not brought themselves into compliance with the Act.

34. Unless restrained by this Court, Defendants are likely to continue to violate the Act in the manner set forth above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment against Defendants and in favor of the Plaintiff for violations of the Act as alleged in this Complaint;

B. Permanently restrain and enjoin, under 21 U.S.C. § 332(a), Defendants, and each and all of their directors, officers, agents, representatives, employees, attorneys, successors, assigns, and any and all persons in active concert or participation with any of them, from receiving in interstate commerce ENDS products, which are tobacco products within the meaning of 21 U.S.C. § 321(rr), that are adulterated and misbranded, and delivering or proffering for delivery such tobacco products for pay or otherwise, in violation of 21 U.S.C. § 331(c);

C. Order that FDA be authorized pursuant to this injunction to inspect Defendants' places of business and website(s), and all records relating to the sale and distribution of Defendants' ENDS products, to ensure continuing compliance with the terms of the injunction, with the costs of such inspections to be borne by Defendants at the rates prevailing at the time the inspections are accomplished; and

D. Award Plaintiff its costs incurred in pursuing this action, including the costs of investigation to date, and such other equitable relief as the Court deems just and proper.

DATED: September 10, 2025

JASON A. REDING QUIÑONES
United States Attorney

*/s/ Carlos Raurell*
CARLOS RAURELL
Assistant United States Attorney
Southern District of Florida

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SARMAD M. KHOJASTEH
Acting Deputy Assistant Attorney General

LISA K. HSIAO
Acting Director
Consumer Protection Branch

ROGER GURAL
JAMES T. NELSON
Senior Trial Attorneys
U.S. Department of Justice
450 5th Street, N.W.
Washington, DC 20044
Tel: 202-307-0174 (Gural)
Tel: 202-616-2376 (Nelson)
roger.gural@usdoj.gov
james.nelson2@usdoj.gov

*Attorneys for Plaintiff*
*United States of America*


ROBERT FOX FOSTER
Acting General Counsel
Chief Counsel for Foods, Research, and Drugs
U.S. Department of Health and Human Services

SEAN R. KEVENEY
Chief Counsel
Food and Drug Administration

SHANNON M. SINGLETON
Deputy Chief Counsel, Litigation

        MAGGIE R. REDDEN
        Associate Chief Counsel
        Office of the Chief Counsel
        U.S. Food and Drug Administration
        10903 New Hampshire Ave.
        White Oak 31
        Silver Spring, MD 20993-0002

*Of Counsel*